UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DONALD WEBSTER,  :
:  NO. 1:12-cv-288
    Petitioner,  :
:
    v.  :  **OPINION & ORDER**
:
FREEDOM DEBT RELIEF, LLC,  :
et al.,  :
:
:
    Respondents.  :

This matter is before the Court on Respondents' Joint Motion to Transfer Venue Pursuant to 28 U.S.C. §1404(a) and 1406 (doc. 4) and the responsive memoranda (docs. 7, 8). For the reasons that follow, the Court GRANTS the motion.

On April 10, 2012, Petitioner filed a complaint with the Court in which he seeks, for himself and all others similarly situated, to have a partial final arbitration award vacated (doc. 1). Petitioner is domiciled in the Northern District of Ohio but filed his action in the Southern District of Ohio, asserting that venue is proper here because the arbitration award "was made in Cincinnati, Ohio," making venue proper pursuant to 9 U.S.C. § 10(a) (Id.).

Respondents filed the instant motion on May 11, 2012, asserting that venue in the Southern District of Ohio is improper and that the matter must be transferred to the Northern District of Ohio (doc. 4). Respondents note that Petitioner lives in the Northern District; Petitioner filed his original claim against

Respondents in the Northern District; and the parties agreed that arbitration would occur in the Northern District (Id.).  Thus, Respondents argue, the Northern District is the proper venue for the instant action (Id.).  Respondents further argue that Petitioner's reliance on 9 U.S.C. § 10(a) is misplaced because the arbitration award was not made in Cincinnati, noting that the only connection between this case and Cincinnati is that the appointed arbitrator practices law in Cincinnati (Id.).

Section 1406 of Title 28 of the federal code provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  To transfer a case pursuant to this section of the code, the Court must first determine whether the case was filed in the wrong district.  As noted above, Petitioner, relying on section 10 of Title 9 of the federal code, contends that venue here is proper because, he alleges, the arbitration award was made in Cincinnati.  Section 10 of Title 9 provides in relevant part that a court, "in and for the district wherein the [arbitration] award was made" may make an order vacating the award.  Thus, if the award was made in this district, then this Court may properly hear Petitioner's claim for vacating the award, notwithstanding all of the other facts in the complaint that demonstrate that the Northern District is the

2

proper venue.

On the question of whether the award was made here in the Southern District, Respondents are correct: Petitioner has not shown that it was. Specifically, apart from Petitioner's assertion in the complaint that the award was made in Cincinnati, no evidence in the record supports a conclusion that it actually was made here. On the contrary, the record shows that the parties agreed that any arbitration hearing would happen in Cleveland, Ohio and that the parties never appeared at any hearing or other proceeding in Cincinnati. Instead, it appears that no hearing occurred anywhere, and the arbitrator made his decision on the basis of the paper filings.

Petitioner asks the Court to make an inferential leap, that because the arbitrator practices law in Cincinnati, the award must have been "made" here. The Court declines to make that leap, especially since it is based solely on speculation and not on evidence in the record. But even if there were record evidence to show that, for example, the arbitrator wrote his decision in Cincinnati, as Respondents observe, "an arbitration award is 'made' in the district where the hearing is held, not the place from which the award was written or mailed." Warnaco, Inc. v. Sincere Garment & Sporting Goods, Mfg., Co., 1990 U.S. Dist. LEXIS 8603, at *6–8 (S.D.N.Y. July 12, 1990).

Faced with a motion to transfer pursuant to 28 U.S.C. §

1406, Petitioner bears the burden of showing that venue here is proper.  See, e.g., Centerville ALF, Inc. v. Balanced Care Corp., 197 F.Supp.2d 1039, 1046 (S.D. Ohio 2002).  As discussed above, he has not carried that burden.  Respondents have not moved to dismiss but to transfer, and the Court finds that the interests of justice would be best served by the latter course.[1]  Consequently, for the foregoing reasons, the Court GRANTS Respondents' Motion (doc. 4). Accordingly, the Court DIRECTS the Clerk to transfer this matter to the Northern District of Ohio.

SO ORDERED.

Dated: June 26, 2012         /s/ S. Arthur Spiegel
                             S. Arthur Spiegel
                             United States Senior District Judge

---

[1] Because the Court finds that transfer is warranted under 28 U.S.C. § 1406, the Court need not reach the parties' § 1404 arguments regarding the convenience of the parties and witnesses, etc.